**WILSON ELSER MOSKOWITZ EDELMAN DICKER, LLP**
Joseph M. Morgese, Esq.
Joseph.Morgese@wilsonelser.com
200 Campus Drive
Florham Park, New Jersey 07932
Tel:  (973-624-0800)
*Attorneys for Third-Party Defendant Powermax Electrical Co., Ltd., Guangdong*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK**

| | | |
|---|---|---|
| PRAETORIAN INSURANCE COMPANY a/s/o   RAYMOND SAMOROO | : | CIVIL CASE NO.:  2:18-cv-12314-SDW-ESK |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AIR VENT, INC., LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| AIR VENT, INC. | : | |
| | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KING OF FANS, INC., POWERMAX ELECTRICAL CO., LTD., HALLMARK HOMES and SCOTT WEBER, | : | |
| | : | |
| | : | |
| Third-Party Defendants. | : | |
| KING OF FANS, INC., | : | |
| | : | |
| Fourth-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DM (Asia), LTD., | : | |
| | : | |

3031338v.1

Fourth-Party Defendant.       :

_____       :

---

**REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S
THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION ON
POWERMAX ELECTRICAL CO. LTD., GUANGDONG
PURSUANT TO RULE 12(b)(2) AND OPPOSITION TO THIRD-PARTY PLAINTIFF'S
CROSS-MOTION FOR JURISDICTIONAL DISCOVERY**

---

Of Counsel and On the Brief:
        Joseph M. Morgese, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................II

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL ARGUMENT ............................................................................................. 3

    NON-RESIDENT POWERMAX IS ENTITLED TO DISMISSAL OF THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2). ................................... 3

    A.    Third-Party Plaintiff Concedes Lack of General Jurisdiction and Fails to Set forth a Prima Facie Case of Specific Jurisdiction ................... 3

        1.    General Jurisdiction ................................................................. 3

        2.    Specific Jurisdiction ............................................................... 4

    B.    Third-Party Plaintiff's Reliance on the Sale of Different Products at Walmart that Include a Powermax Component to Establish Specific Jurisdiction is Misplaced and Moot as Third-Party Plaintiff's Claims Do Not Arise from a Such a Product Purchased at Walmart ...................... 9

CONCLUSION ................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629 (D.N.J. 2004)............................ 3

*Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448 (D. Del. 2009))........................................... 5

*Carteret Sav. Bank, FA v. Shushan*, 954 F. 2d 141 (3d. Cir. 1992)............................................... 3

*Daimler AG v. Bauman*, 134 S.Ct. 746 (2014)............................................................................. 3

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147(3d Cir. 2010) ............. 5

*GE v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001) .............................................................................. 3

*Goodyear*, 180 L. Ed. 2d at 803 ................................................................................................... 4

*Metcalfe v. Renaissance Marin, Inc.*, 556 F.3d 324 (3d Cir. 2009)........................................... 6, 7

*Oticon, Inc. v. Sebotek Hearing Systems, LLC*, 865 F. Supp. 2d 501 (D.N.J. 2011)..................... 5

*Patterson v. FBI*, 893 F.2d 595 (3d Cir. 1990) ............................................................................ 6

*Pro Sports Inc. v. West,* 639 F. Supp. 2d 475 (D.N.J. 2009) ........................................................ 3

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)................................................ 6

*Vaccaro v. Branco*, No. 14-7838 (FLW)(LHG), 2015 U.S. Dist. LEXIS 106529
    (D.N.J. August 13, 2005) ........................................................................................................3

**Statutes**

*Fed. R. Civ. P* 12(b)(2)............................................................................................................... 10

3031338v.1

## PRELIMINARY STATEMENT

*Third-Party Defendant Powermax Electrical Co., Ltd., Guangdong* (hereinafter "Powermax") is entitled to dismissal of Third-Party Plaintiff Air Vent, Inc.'s ("Third-Party Plaintiff" and/or "Air Vent, Inc.") Amended Third-Party Complaint for lack of personal jurisdiction.   Accordingly, Powermax relies upon its moving papers, supporting legal memorandum, and accompanying exhibits as if fully set forth herein.

Air Vent Inc.'s  Third-Party Complaint and opposition make it clear that the court does not have general jurisdiction over Powermax because the parties agree that Powermax is not "at home" in New Jersey.  As such, Air Vent, Inc. has made a "Hail Mary" attempt to keep Powermax in this case based upon conclusory, unsupported assertions in its opposition and cross-motion.   Noticeably absent from Air Vent, Inc.'s opposition are any Affidavits or Declarations by any Air Vent, Inc. employees that establish or suggest any jurisdictional factors that would support their request for jurisdictional discovery.   Air Vent, Inc. acknowledges its lack of support for its motion for jurisdictional discovery by admitting in its opposition there may be a "suggest[ion]" and "possible existence" of requisite contacts with New Jersey—at least according to counsel's arguments.  In fact, the lack of any supporting Affidavit or Declaration by an Air Vent, Inc. employee in support of counsel's arguments demonstrates that Air Vent, Inc. lacks any good faith basis to support their request for jurisdictional discovery.

In addition, Air Vent, Inc.'s claim that there is, or there must be, a direct sale of goods by Powermax to Walmart is inaccurate and misleading.  That argument assumes unsupported facts.  This is the functional equivalent of a counter-statement of material facts that does not cite to or rely upon information within the evidentiary record.  Air Vent Inc.'s argument fails

1

to consider, or confirm, that there are no intermediaries that may be selling Powermax products to a company like Walmart which are eventually sold in Walmart stores located in the state of New Jersey.  Nonetheless, this allegation still does not contradict Powermax's Declaration and position that it manufactured the electric motors for attic ventilation fans in China and delivered those motors to DM Asia, a separate company, in China.  Air Vent, Inc.'s argument that an unrelated Powermax product at a Walmart store in New Jersey is somehow relevant to their claim for specific personal jurisdiction over Powermax in this action does not establish a good faith basis for jurisdictional discovery, and it does not contradict the statements contained in Stephy Tsui's Declaration.  Furthermore, Air Vent, Inc.'s faulty analyses and incorrect conclusions do not support the exercise of specific or general jurisdiction by this Court over Powermax.

Finally, Air Vent, Inc. takes the position—*in so many words*—that all attic ventilation fans manufactured by Air Vent, Inc. are equipped with a Powermax motor.  This is patently false and has not been substantiated by any competent evidence or documents in support of Air Vent, Inc.'s opposition.  In fact, Air Vent, Inc. representatives have previously testified that another entity, "McMillan" also supplies it with fan motors for the attic ventilation fans it manufactures.  *See* **Exhibit 1** to Reply Brief, Deposition Transcript of Brad Holland at pp. 21.

Ultimately, Air Vent, Inc.'s opposition fails to set forth a *prima facie* case of specific personal jurisdiction as its claims do not arise from any Powermax contact with New Jersey.  That opposition should be given little credence because it exclusively relies upon the arguments and assertions of *counsel* for Air Vent, Inc. and not sworn statements or other competent evidence.  Based upon the Declaration of Stephany Tsui, along with Air Vent, Inc.'s failure to support its opposition and motion for jurisdictional discovery, with an Affidavit or

2

Declaration from one of their own employees who was supposedly involved in the transactions with Powermax, and Air Vent, Inc.'s misinterpretation of the law in New Jersey, establishes that Powermax is entitled motion to dismiss should be granted in its entirety.

## LEGAL ARGUMENT

### NON-RESIDENT POWERMAX IS ENTITLED TO DISMISSAL OF THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2).

A.    **Third-Party Plaintiff Concedes Lack of General Jurisdiction and Fails to Set forth a Prima Facie Case of Specific Jurisdiction**

It is well settled that "Plaintiff bears the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence." *Id.* (*citing Carteret Sav. Bank, FA v. Shushan*, 954 F. 2d 141, 146 (3d. Cir. 1992); *Pro Sports Inc. v. West,* 639 F. Supp. 2d 475, 478 (D.N.J. 2009); *Ameripay, LLC v. Ameripay Payroll, Ltd*., 334 F. Supp. 2d 629, 632 (D.N.J. 2004)); *see also Vaccaro v. Branco*, No. 14-7838 (FLW)(LHG), 2015 U.S. Dist. LEXIS 106529 (D.N.J. August 13, 2005) (*citing GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).  In the present case, Air Vent, Inc. fails to satisfy this burden because its opposition makes clear that it cannot prove either general or specific jurisdiction.

#### 1.   *General Jurisdiction*

Air Vent, Inc. concedes that this Court lacks general jurisdiction over Powermax because Powermax is not at home in New Jersey.  [*See* Third-Party Plaintiff's Opposition Brief].  More specifically, on page 13 of Air Vent, Inc.'s opposition brief, it claims that it needs additional information "regarding the nature and extent of Powermax's actual contacts with the state of New Jersey to assess whether those contacts are 'so continuous and systematic so as to render [Powermax] essentially at home' in New Jersey."  As set forth in Powermax's moving papers and supporting legal memorandum, the Supreme Court made clear that **general jurisdiction is now generally**

3

limited to places of incorporation and principal places of business where the Defendant is "at home." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760–61 (2014).  The Court expressly rejected the contention that a Court should "look beyond the exemplar bases *Goodyear* identified, and approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business." *Id.* The Court explained that "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 761 (*citing Goodyear*, 180 L. Ed. 2d at 803).  Thus, "the general jurisdiction inquiry does not 'focus solely on the magnitude of the defendant's in-state contacts . . . [g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 762, n.20.  The Court explained, "[a] corporation that operates in many places can scarcely be deemed at home in all of them . . . [o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.*  [internal citation omitted].

Therefore, Air Vent, Inc.'s argument that it is entitled to jurisdictional discovery in order to determine the "nature and extent of Powermax's actual contacts" within New Jersey is an incorrect interpretation and application of law.  Ms. Tsui's Declaration makes clear that Powermax is a company based in China, and does not operate its business within New Jersey.  Accordingly, Air Vent, Inc.'s Amended Complaint should be dismissed as to Powermax because Air Vent, Inc. cannot establish any bases by which this Court could exercise general jurisdiction.

## 2.  *Specific Jurisdiction*

Air Vent, Inc. relies exclusively upon the allegation of specific jurisdiction.  [*See* Third-Party Plaintiff's Opposition Brief.]  However, Air Vent, Inc.'s opposition and cross-motion for

4

jurisdictional discovery is devoid of any facts illustrating that its claims arise from any Powermax contacts with New Jersey.  As stated in the Declaration of Ms. Tsui, the electric motors manufactured by Powermax for use in attic ventilation fans were sold to DM Asia in China.  DM Asia sold those motors to Air Vent, Inc. which is based in Texas.  Instead of offering evidence to contradict Ms. Tsui's statements made in her Declaration, Air Vent, Inc. relies upon the absence of specific contacts to identify other, lesser categories of information that it believes *may* lead to specific jurisdiction.  [*See* Third-Party Plaintiff's Opposition, pp. 11–12].

Air Vent, Inc. relies upon *Oticon, Inc. v. Sebotek Hearing Systems, LLC*, for the proposition that "where no jurisdictional discovery has been taken, the court must accept the allegations of the complaint as true and resolve all factual disputes in plaintiff's favor."  865 F. Supp. 2d 501, 507 n.4 (D.N.J. 2011).  Air Vent, Inc. cherry-picks portions of this opinion in support of its position that where no jurisdictional discovery has been taken, the court must accept plaintiff's allegations in its complaint as true; but, this is only part of the analysis discussed therein.  *Oticon* also concludes that if the court rules on written submissions alone, the **plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavits or otherwise, specific facts showing that the court has jurisdiction**.  *See id.* at 507.  What we have here is precisely that—Air Vent, Inc. has failed to answer or respond to Powermax's Declaration with a Declaration, Affidavit, or other competent evidence of their own that would support a grant of jurisdictional discovery.

Third-Party Plaintiff also relies on *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,  for the proposition that "[c]ourts permit jurisdictional discovery where the plaintiff presents **factual allegations that suggest *with reasonable particularity*** the possible existence of the requisite contacts between the defendant and the forum state."  623 F.3d 147, 157 (3d Cir. 2010)

(emphasis supplied). However, Air Vent, Inc. has not provided any facts that would, *with reasonable particularity*, establish the possible existence of any requisite contacts between Powermax and New Jersey. *Eurofins* also states that "[a] plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.* (*citing Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)). Because Air Vent, Inc. only relies upon bare allegations of counsel, there are no facts advanced with reasonable certainty that would support the grant of jurisdictional discovery in this matter.

Furthermore, Third-Party Plaintiff also cites to *Patterson v. FBI*, for the proposition that "a plaintiff bears the burden of establishing that jurisdiction is proper through sworn affidavits." 893 F.2d 595, 603–04 (3d Cir. 1990). The *Patterson* case specifically provides that:

> Once the defense has [*604] been raised, then the plaintiff must sustain its burden [**26] of proof in establishing jurisdictional facts through **sworn affidavits or other competent evidence**. Contrary to the dissent's suggestion, therefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.

*Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (emphasis supplied). Despite Air Vent, Inc. citing the standard which requires it to come forward with affidavits and/or proofs of other competent evidence, Air Vent, Inc. fails to provide any affidavit, declaration, or other competent evidence that contradicts or calls into question the Declaration of Stephy Tsui.

Air Vent, Inc.'s reliance on *Metcalfe v. Renaissance Marin, Inc.*, is also misplaced. 556 F.3d 324 (3d Cir. 2009). Air Vent, Inc. relies upon the *Metcalfe* case for the premise that jurisdictional discovery is permissible "where . . . the basis for jurisdiction is not clearly frivolous." [*See* Third-Party Plaintiff's Opposition Brief at pg. 4.] As set forth in *Metcalfe*, the burden of demonstrating facts that establish personal jurisdiction falls upon Air Vent, Inc. *Metcalfe*, 556 F.3d at 330. Once a defendant has raised a jurisdictional defense, **the plaintiff must prove by**

6

**affidavits or other competent evidence that jurisdiction is proper**.  *See id.* (internal citations omitted).  If the court does not hold an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction.  *Id.*  A court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of plaintiff.  *Id.* (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)).  Here, there are no disputed facts because there are no sworn statements that contradict or call into question the Declaration of Stephy Tsui submitted by Powermax—there are only unfounded and/or unsupported suggestions by counsel for Air Vent, Inc., that more is needed to confirm that the court does not have specific jurisdiction over Powermax.  Those bald and unsupported arguments by counsel, however, do not satisfy the standard and should not be given any credence by this Court as they fail to provide verified support for those positional statements made by Air Vent, Inc.

In *Metcalfe*, plaintiffs did not merely rest on their pleadings but rather submitted a sworn affidavit and other documentary evidence in support of a finding of personal jurisdiction over Renaissance.  *Metcalfe*, 556 F.3d at 331.  Unlike the plaintiffs in *Metcalfe*, Air Vent, Inc. has not submitted any documentary evidence to this Court that would support the exercise of specific jurisdiction over Powermax or at the very least, warrant further discovery on jurisdiction.  In addition, plaintiffs in *Metcalfe* were individuals with the task of establishing personal jurisdiction over a defendant corporation.  Here, Air Vent, Inc., a Third-Party Plaintiff corporation has failed to establish a *prima facie* case of personal jurisdiction over another corporate entity that it claims (only through counsel's argument) that it conducted business with Powermax in Texas—particularly documents that would evidence that business.

As set forth in Powermax's moving papers, **Third-Party Plaintiff specifically alleges that Powermax is a corporation organized and existing under the laws of the People's Republic of**

7

**China**, with its principle place of business at 1-2 Region, South of Qibao Industries, Xinhui District, Jiangmen City, Guangdong, China 529100.  [Third-Party Complaint, filed on November 12, 2018, ECF document no. 15, ¶ 10].  It is worth reiterating that there are no allegations that Powermax sold, shipped, or otherwise distributed an attic fan motor to Third-Party Plaintiff or anyone in or with a New Jersey address at any time. [*See* **Exhibit A** to Powermax Motion to Dismiss, ¶¶ 9–10]. While Powermax is in the business of manufacturing and selling electric motors for installation into attic ventilation fans, Powermax sells these motors to DM (Asia), a separate corporate entity based in China, who accepts delivery of the equipment in China and ships it to the United States.  *Id.* at ¶ 8.  Therefore, even if the motor at issue was manufactured by Powermax—which Powermax does not concede and Air Vent, Inc. has not established—Powermax did not sell the electric motor forming any basis of this lawsuit directly to any New Jersey entity or individual.  *Id.* at ¶¶ 9–10.  In short, Air Vent, Inc.'s claims do not arise from any Powermax contacts with New Jersey, and therefore, Plaintiff cannot establish specific jurisdiction to proceed with its claims against Powermax.  Air Vent, Inc. has failed to assert or prove by affidavits or other competent evidence that jurisdiction is proper, and therefore, Air Vent, Inc.'s Opposition to Powermax's motion to dismiss does not entitle it to discount or dismiss the statements set forth in Powermax's supporting Declaration.  Instead, Air Vent, Inc. seeks to muddy the waters by demanding jurisdictional discovery on non-material issues like indirect sales of products and repeatedly stating that it has a "good faith basis" for jurisdictional discovery—of course repetition does not make it so.

**B.    Third-Party Plaintiff's Reliance on the Sale of Different Products at Walmart that Include a Powermax Component to Establish Specific Jurisdiction is Misplaced and Moot as Third-Party Plaintiff's Claims Do Not Arise from a Such a Product Purchased at Walmart**

Air Vent, Inc. also argues that this Court has specific jurisdiction over Powermax because Powermax manufactured a ceiling fan that counsel for Air Vent, Inc. was able to recently purchase at a Walmart in New Jersey, in support of its opposition.   The underlying claims by Praetorian/Samaroo involve an *attic ventilation fan*, presumably purchased and installed prior to 2007, when the fire occurred.  The fan purchased by counsel for Air Vent, Inc.'s opposition reveal a ceiling fan that was manufactured in April 2020 being sold at Walmart.  There is no allegation that the attic ventilation fan at issue in the underlying claim was purchased at Walmart in 2007. Accepting the pleadings at face value, Air Vent, Inc.'s (and Plaintiff Praetorian's) claims against Powermax as pleaded did not arise out of a "Mainstay" brand ceiling fan purchased in a New Jersey Walmart.  This argument is further attenuated by the lack of any support for the assertion that the motor in the Walmart/Mainstay ceiling fan is the same as the pre-2007 motor in an attic ventilation fan sold by Air Vent, Inc.  Furthermore, Air Vent, Inc. has not established through any sworn statements or competent evidence that Powermax designed, manufactured, sold or otherwise was the sole supplier of the fan motor.  In fact, Air Vent, Inc. employee Mr. Brad Holland has testified in other proceedings that Air Vent, Inc. also purchases electric motors from a company called "McMillan," which is a different manufacturer of fan motors.  [*See* **Exhibit 1** to this Reply Brief.]  Air Vent, Inc. has stated that it "believes that documents reflect" that Powermax shipped motors to Air Vent, Inc. in Texas, but provides no supporting documentation, affidavit, or declaration.  Information regarding Air Vent, Inc.'s receipt of motors from Powermax in Texas is the precise information and/or documentation that Air Vent, Inc. should have to present to this Court in support of such a statement or opposition, but it fails to do so.  Air Vent, Inc. also believes

9

3031338v.1

that purchase orders exist which reflect sales from Powermax and not DM (Asia), but provides no supporting documentation, affidavit, or declaration. *If such documents or information exist, showing a direct transaction between Powermax and Air Vent, Inc., then why has Air Vent, Inc. failed to provide those proofs in support of is opposition and request for jurisdictional discovery*?

Accordingly, Third-Party Plaintiff, Air Vent, Inc. has failed to establish a *prima facie* case of specific jurisdiction, or otherwise establish an entitlement to jurisdictional discovery by not providing declarations, affidavits, or competent evidence that would support such a request. Bald assertions by counsel are definitively a "fishing expedition" that serve no other purpose than to keep Powermax in this case without any legal or factual bases.

## CONCLUSION

For all the reasons set forth above, Third-Party Defendant Powermax Electrical Co., Ltd. (Guandong) respectfully requests that the Court grant its Motion to Dismiss Third-Party Plaintiff's Amended Complaint in its entirety and with prejudice for lack of personal jurisdiction pursuant to *Fed. R. Civ. P* 12(b)(2).

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP** *Attorneys for Third-Party Defendant Powermax Electrical Co., Ltd. (Guandong)*

By:___*Joseph M. Morgese*_____

Joseph M. Morgese, Esq.
Joseph.Morgese@wilsonelser.com
200 Campus Drive
Florham Park, New Jersey 07932
Tel: (973-624-0800)

Dated: September 28, 2020

10