

November 13, 2020

**Joseph M. Morgese**
973.735.5782 (direct)
Joseph.Morgese@wilsonelser.com

**VIA ECF ONLY**
The Honorable Edward S. Kiel, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: **Praetorian Insurance Company a/s/o Raymond Samoroo v.
     Air Vent Inc., et al.
     Civil Case No.: 2:18-cv-12314-SDW-ESK
     <u>Our File No. 10905.00090</u>**

Dear Judge Kiel:

This firm is counsel to Third-Party Defendant Powermax Electrical Co., Ltd. ("Powermax") in the above-captioned matter.

On October 18, 2020, Your Honor held a Telephone Status Conference in the Praetorian matter and addressed Powermax's Motion to Dismiss in Lieu of an Answer. As you may also recall, Air Vent Inc. had interposed opposition and requested jurisdictional discovery. During that October 18 conference the court, Your Honor granted Air Vent Inc.'s request to perform *limited* jurisdictional discovery. The court directed Air Vent Inc. to serve limited jurisdictional discovery requests, and agreed to permit the deposition of a representative of Powermax—these tasks were to be performed within approximately 60 days. Several recent developments have made that period of time in which to complete these tasks appear unrealistic.

On October 30, 2020, Air Vent Inc. served upon Powermax a Request for Admissions containing 43 separate requests, as well as a request for the production of documents. That document production request included 19 requests, however, 8 of those 19 requests each have 27 subparts. In addition, these requests include no time period limitation, many of which demand information throughout United States rather than the relevant venue of New Jersey, making them overly broad in scope. Notwithstanding additional good faith objections to these requests, the sheer amount of requests coupled with no time limitations and an overly broad geographic area contravene Your Honor's directive from October 30.

Furthermore, Air Vent Inc. has noticed the deposition of a Powermax representative to take place

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix
San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains
wilsonelser.com

3057187v.1

on December 10, 2020.  The recent influx of CoVid-19 cases around the globe have created a "second wave" and made this an unrealistic date for several reasons.

First, it is my understanding that virtual depositions are not permitted on mainland China where Powermax and the deponent are located.  As a result, the deponent would need to travel to Hong Kong, which would require some form of a travel visa.  Because of the pandemic, there is a mandatory two-week quarantine in Hong Kong which would have to be satisfied before December 10, and another mandatory two-week quarantine after the deposition upon returning to mainland China, for a total of twenty-eight days of quarantine time.  In that scenario, it is my further understanding that quarantine is centralized and not at one's home.

Second, the current visa issuance and border control for mainland China-Hong Kong travel is extremely unstable.  Most cities have suspended issuance of mainland China-Hong Kong visas due to the pandemic's resurgence. The mainland China-Hong Kong border is also subject to closure to nonessential travel again depending on the development of the pandemic's resurgence.

In light of the unwieldly discovery requests by Air Vent Inc. to Powermax and the current travel restrictions, I respectfully request that the court hold a Telephone Status Conference in advance of December 17, 2020, at 11 AM to address these discovery requests and help the parties determine whether an agreement can be reached or motion practice will be necessary.

You Honor's time and attention in this regard is appreciated.

Very truly yours,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

*Joseph M. Morgese*
Joseph M. Morgese


Via Email only

cc:   All counsel of record via ECF.